**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ESDRAS RODRIGUEZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, a Municipal )<br>Corporation; and CHICAGO POLICE )<br>OFFICERS GARZA, STAR # 14970, )<br>VLCANSKY, STAR # 16518, and )<br>HABIAK, STAR # 8058 )<br>)<br>Defendants. )<br>_____ ) | FILED<br>MAY 23, 2008      YM<br>08CV3033<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE VALDEZ<br>No.<br><br>Honorable Judge |

### *COMPLAINT AT LAW*

NOW COMES the Plaintiff, ESDRAS RODRIGUEZ (hereinafter "Plaintiff"), and complains of the Defendants, CITY OF CHICAGO, Chicago Police Officers GARZA (hereinafter "Officer Garza"), VLCANSKY (hereinafter "Officer Vlcansky") and HABIAK (hereinafter, "Officer Habiak"), and in support thereof states as follows:

### *PARTIES TO THE ACTION*

1.  Plaintiff is, and at all times complained of herein was, a resident of Cook County, Illinois. Plaintiff is a 30-year-old, White-Hispanic male.

2.  Defendants, Officer Garza, Officer Vlcansky and Officer Habiak were at all times relevant herein, duly appointed, qualified and acting police officers employed by the City of Chicago, a municipal corporation. Defendants are sued both individually and in their official capacity as a Chicago Police Officers.

3.     This is a civil action for damages to redress deprivations under the color of law of the rights, privileges, and immunities secured under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. § 1983.

## *JURISDICTION AND VENUE*

4.     That this Court has original jurisdiction in this matter pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States.

5.     That venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1)(2) and (3), in that Defendants reside and may be found in this district and all of the events occurred in this district.

## *STATEMENT OF FACTS*

6.     That on August 26, 2006, Plaintiff was standing outside of a vehicle on 47th Street just west of Keating in Chicago.  The car was occupied at that time by Plaintiff's girlfriend, PATRICIA RODRIGUEZ (hereinafter "Ms. Rodriguez"), engaged in an argument.

7.     That a Chicago Police vehicle appeared across the street and Officers Garza, Vlcansky and Habiak began to approach Plaintiff, who was standing in the street.

8.     That without any reasonably articulable suspicion of criminal activity and despite complete compliance with Officers' orders, the Officers forced Plaintiff to the ground, battered him, placed him in handcuffs, and arrested him.

9.     That once Officers Garza, Vlcansky and Habiak placed Plaintiff under arrest and placed him in the back of their police vehicle, Plaintiff mentioned that he knew someone that worked at the Office of Professional Standards (hereinafter "OPS") and that he was going to file a report.

10. That Officer Garza then said to Plaintiff, "I'm going to go back and f_ck your girlfriend" and "show her what a real man is."

11. That Officers Garza, Vlcansky and Habiak departed from the route to the Chicago Police Station and instead drove Plaintiff to an abandoned parking lot after Plaintiff refused to renounce his promise to file a report with OPS.

12. That once in the abandoned parking lot, Officers Garza, Vlcansky and Habiak proceeded to strike Plaintiff with closed fists, striking his face and torso.

13. That after Officers Garza, Vlcansky and Habiak were done striking Plaintiff, they took him to the 8th District Police Station and charged him with (1) Disorderly Conduct; (2) Breach of the Peace; and (3) Aggravated Assault of a Government Employee.

14. That as a result of the beating, Plaintiff suffered permanent eye damage and emotional distress. He was forced to seek medical attention and has expended great sums of money seeking such medical attention.

## COUNT I VIOLATION OF 42 U.S.C. § 1983

15. That Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

16. That Plaintiff was deprived of his Fourth and Fourteenth Amendment rights secured by the Constitution of the United States.

17. That the Defendants, City of Chicago, Chicago Police Officers Garza, Vlcansky and Habiak, were responsible for the deprivation of these Federal Rights.

18. That all Defendants were acting under the color of law when depriving the Plaintiff of these rights.

WHEREFORE, Plaintiff demands compensation in an amount in excess of $75,000 in compensatory damages, attorney's fees and costs of suit, and exemplary damages as warranted.

### *COUNT II FALSE ARREST*

19. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

20. That Defendants, Officers Garza, Vlcansky and Habiak, violated Plaintiff's Fourth Amendment Right that all persons shall be free from illegal searches and seizures without probable cause.

21. That all Defendants were acting under the color of law when arresting Plaintiff.

22. That all Defendants seized Plaintiff without any reasonably articulable suspicion of illegal activity.

WHEREFORE, the Plaintiff demands compensation in an amount in excess of $75,000 in compensatory damages, attorney's fees and costs of suit, and exemplary damages as warranted.

### *COUNT III - BATTERY*

23. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14 as if full set forth herein.

24. That Defendants, Officers Garza, Vlcansky and Habiak, committed the tort of battery upon the person of the Plaintiff.

25. That the acts of Defendants, Officers Garza, Vlcansky and Habiak, were with the intention of causing Plaintiff a harmful and offensive contact and that a harmful contact to Plaintiff was a direct result of their collective actions.

26. That the conduct of Defendants, Officers Garza, Vlcansky and Habiak, was willful and wanton in that they actually and deliberately intended to cause harm to Plaintiff.

WHEREFORE, Plaintiff demands compensation in an amount in excess of $75,000 in compensatory damages, attorney's fees and costs of suit, and exemplary damages as warranted.

### *COUNT IV - MALICIOUS PROSECUTION*

27. Plaintiff repeats and re-alleges paragraphs 1 through 14 as if fully set forth herein.

28. That Defendants, City of Chicago, Officers Garza, Vlcansky and Habiak, commenced and continued a criminal proceeding against Plaintiff.

29. That the resulting judicial proceeding was terminated in favor of Plaintiff.

30. That Defendants, Officers Garza, Vlcansky and Habiak, lacked probable cause when they arrested Plaintiff.

31. That Defendants, Officers Garza, Vlcansky and Habiak, acted with malice at all times, both during the arrest and prosecution of Plaintiff.

32. That Plaintiff, as a result of the actions of Defendants, suffered damages.

WHEREFORE, the Plaintiff demands compensation in an amount in excess of $75,000 in compensatory damages, attorney's fees and costs of suit, and exemplary damages as warranted.

### *RULE 38 JURY DEMAND*

Plaintiff demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

ELLIOT R. ZINGER & ASSOCIATES

By: ___/s/ Patrick J. Walsh,_____
      Patrick J. Walsh
      One of Plaintiff's Attorneys

Elliot R. Zinger, Esq.
Patrick J. Walsh, Esq.
ELLIOT R. ZINGER & ASSOCIATES
10 South LaSalle Street, Ste. 1420
Chicago, Illinois 60603
(312) 782-9464