08-03-4899                                                                                              ARDC No. 01144642

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ESDRAS RODRIGUEZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   08 CV 3033 |
| ) | |
| **CITY OF CHICAGO, a Municipal** ) | Judge Andersen |
| **Corporation; and CHICAGO POLICE** ) | Magistrate Judge Valdez |
| **OFFICERS GARZA, STAR #14970,** ) | |
| **VLCANSKY, STAR #16518, and** ) | |
| **HABIAK, STAR #8058,** ) | |
| ) | |
| Defendants. ) | |

## ANSWER

NOW COME the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, by and through their Attorneys, HARTIGAN & O'CONNOR P.C., and for their Answer to Plaintiff's Complaint at Law hereby states as follows:

## PARTIES TO THE ACTION

1.     Plaintiff is, and at all times complained of herein was, a resident of Cook County, Illinois. Plaintiff is a 30-year-old, White-Hispanic male.

**ANSWER**:     The Defendants admit the Allegations contained in Paragraph One (1.) of

Plaintiff's Complaint at Law.

2.     Defendants, Officer Garza, Officer Vlcansky and Officer Habiak were at all times relevant herein, duly appointed, qualified and acting police officers employed by the

City of Chicago, a municipal corporation. Defendants are sued both individually and in their official capacity as a Chicago Police Officers.

**ANSWER**: The Defendants admit the Allegations contained in Paragraph Two (2.) of Plaintiff's Complaint at Law.

3. This is a civil action for damages to redress deprivations under the color of law of the rights, privileges, and immunities secured under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. § 1983.

**ANSWER**: The Defendants admit that an action has been brought, but deny it is with merit and deny that Plaintiff is entitled to any damages or that there has been any deprivation of any rights under the Constitution, as referenced in Paragraph Three (3.) of Plaintiff's Complaint at Law. Defendants deny they were acting under color of law, since this calls for a legal conclusion.

## JURISDICTION AND VENUE

4. That this Court has original jurisdiction in this matter pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States.

**ANSWER**: The Defendants admit the cited Sections of the U.S. Code exist, but deny that there have been any violations of them by the Defendants herein.

5. That venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(I)(2) and (3), in that Defendants reside and may be found in this district and all of the events occurred in this district.

**ANSWER**: The Defendants admit that the cited Sections of the U.S. Code exist, but deny that certain events referenced in this lawsuit ever occurred and deny that Plaintiff is entitled to any relief.

## STATEMENT OF FACTS

6. That on August 26, 2006, Plaintiff was standing outside of a vehicle on 47th Street just west of Keating in Chicago. The car was occupied at that time by Plaintiffs girlfriend, PATRICIA RODRIGUEZ (hereinafter "Ms. Rodriguez"), engaged in an argument.

**ANSWER**: The Defendants admit that Plaintiff was standing outside a vehicle and admits that he was engaged in an argument by a female. The Defendants further add that Plaintiff was blocking traffic and ignored Police Officers' commands.

7. That a Chicago Police vehicle appeared across the street and Officers Garza, Vlcansky and Habiak began to approach Plaintiff, who was standing in the street.

**ANSWER**: The Defendants admit that a Police vehicle was on a street opposite the Plaintiff and that certain Officers did approach the Plaintiff. At the same time, the Plaintiff threatened the Defendants with bodily harm.

8. That without any reasonably articulable suspicion of criminal activity and despite complete compliance with Officers' orders, the Officers forced Plaintiff to the ground, battered him, placed him in handcuffs, and arrested him.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Eight (8.) of Plaintiff's Complaint at Law and deny that the Plaintiff was compliant. Plaintiff resisted handcuffs and was ultimately placed on the ground where he was then handcuffed. Defendants admit Plaintiff was arrested at that point in time.

9. That once Officers Garza, Vlcansky and Habiak placed Plaintiff under arrest and placed him in the back of their police vehicle, Plaintiff mentioned that he knew someone that worked at the Office of Professional Standards (hereinafter "OPS") and that he was going to file a report.

**ANSWER**: The Defendants admit that the Plaintiff was making certain statements and may have made a vague reference to someone he knew at the Office of Professional Standards. There was no reference made as to his filing any report. The Plaintiff was argumentative and yelling while being transported in the back of the vehicle.

10. That Officer Garza then said to Plaintiff, "I'm going to go back and f_ck your girlfriend" and "show her what a real man is."

**ANSWER**: The Defendant Garza denies the Allegations contained in Paragraph Ten (10.) of Plaintiff's Complaint at Law.

11. That Officers Garza, Vlcansky and Habiak departed from the route to the Chicago Police Station and instead drove Plaintiff to an abandoned parking lot after Plaintiff refused to renounce his promise to file a report with OPS.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Eleven (11.) of Plaintiff's Complaint at Law.

12. That once in the abandoned parking lot, Officers Garza, Vlcansky and Habiak proceeded to strike Plaintiff with closed fists, striking his face and torso.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Twelve (12.) of Plaintiff's Complaint at Law.

13. That after Officers Garza, Vlcansky and Habiak were done striking Plaintiff, they took him to the 8th District Police Station and charged him with (1) Disorderly Conduct; (2) Breach of the Peace; and (3) Aggravated Assault of a Government Employee.

**ANSWER**: The Defendants deny the Allegations as to any striking of the Plaintiff, but state they took him to the 8th District Police Station for processing. The Defendants admit that the Plaintiff was charged with disorderly conduct and with aggravated assault of a government employee, but further state there was no separate charge of Breach of the Peace.

14. That as a result of the beating, Plaintiff suffered permanent eye damage and emotional distress. He was forced to seek medical attention and has expended great sums of money seeking such medical attention.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Fourteen (14.) of Plaintiff's Complaint at Law.

## COUNT I VIOLATION OF 42 U.S.C. § 1983

15. That Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

**ANSWER**: The Defendants reanswer and restate and incorporate by reference their responses to Paragraphs One through Fourteen (1.-14.) as their answer to Paragraph Fifteen (15.) of Plaintiff's Complaint at Law, as more fully set forth herein.

16. That Plaintiff was deprived of his Fourth and Fourteenth Amendment rights secured by the Constitution of the United States.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Sixteen (16.) of Plaintiff's Complaint at Law.

17. That the Defendants, City of Chicago, Chicago Police Officers Garza, Vlcansky and Habiak, were responsible for the deprivation of these Federal Rights.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Seventeen (17.) of Plaintiff's Complaint at Law.

18. That all Defendants were acting under the color of law when depriving the Plaintiff of these rights.

**ANSWER**: The Defendants admit that the Officers were employed by the Chicago Police Department when effectuating the arrest, but deny that the Plaintiff was deprived of any rights. The Defendants deny that the Defendants were acting under color of law, since this calls for a legal conclusion.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, pray that Count I of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

## **COUNT II FALSE ARREST**

19. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

**ANSWER**: The Defendants reanswer and restate and incorporate by reference their responses to Paragraphs One through Fourteen (1.-14.) as their answer to Paragraph Nineteen (19.) of Plaintiff's Complaint at Law, as more fully set forth herein.

20.     That Defendants, Officers Garza, Vlcansky and Habiak, violated Plaintiffs Fourth Amendment Right that all persons shall be free from illegal searches and seizures without probable cause.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Twenty (20.) of Plaintiff's Complaint at Law.

21.     That all Defendants were acting under the color of law when arresting Plaintiff.

**ANSWER**:   The Defendants deny the Allegation as to acting "under color of law" since this does call for a legal conclusion.  The Defendants do admit that the Plaintiff was arrested.

22.     That all Defendants seized Plaintiff without any reasonably articulable suspicion of illegal activity.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Twenty Two (22.) of Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, pray that Count II of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

### COUNT III - BATTERY

23.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 14 as if full set forth herein.

**ANSWER**:    The Defendants reanswer and restate and incorporate by reference their responses to Paragraphs One through Fourteen (1.-14.) as their answer to Paragraph Twenty Three (23.) of Plaintiff's Complaint at Law, as more fully set forth herein.

24.     That Defendants, Officers Garza, Vlcansky and Habiak, committed the tort of battery upon the person of the Plaintiff.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Twenty Four (24.) of Plaintiff's Complaint at Law.

25.     That the acts of Defendants, Officers Garza, Vlcansky and Habiak, were with the intention of causing Plaintiff a harmful and offensive contact and that a harmful contact to Plaintiff was a direct result of their collective actions.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Twenty Five (25.) of Plaintiff's Complaint at Law.

26.     That the conduct of Defendants, Officers Garza, Vlcansky and Habiak, was willful and wanton in that they actually and deliberately intended to cause harm to Plaintiff.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Twenty Six (26.) of Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, pray that Count III of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

## COUNT IV - MALICIOUS PROSECUTION

27.   Plaintiff repeats and re-alleges paragraphs 1 through 14 as if fully set forth herein.

**ANSWER**:   The Defendants reanswer and restate and incorporate by reference their responses to Paragraphs One through Fourteen (1.-14.) as their answer to Paragraph Twenty Seven (27.) of Plaintiff's Complaint at Law, as more fully set forth herein.

28.   That Defendants, City of Chicago, Officers Garza, Vlcansky and Habiak, commenced and continued a criminal proceeding against Plaintiff.

**ANSWER**:   The Defendants admit that the Criminal proceeding did go forward after consultation with the State's Attorney's office and in accordance with judicial proceedings.

29.   That the resulting judicial proceeding was terminated in favor of Plaintiff.

**ANSWER**:   The Defendants admit the Allegations contained in Paragraph Twenty Nine (29.) of Plaintiff's Complaint at Law.

30.     That Defendants, Officers Garza, Vlcansky and Habiak, lacked probable cause when they arrested Plaintiff.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Thirty (30.) of Plaintiff's Complaint at Law.

31.     That Defendants, Officers Garza, Vlcansky and Habiak, acted with malice at all times, both during the arrest and prosecution of Plaintiff.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Thirty One (31.) of Plaintiff's Complaint at Law.

32.     That Plaintiff, as a result of the actions of Defendants, suffered damages.

**ANSWER**:    The Defendants deny the Allegations contained in Paragraph Thirty Two (32.) of Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, pray that Count IV of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

        Respectfully Submitted,

        /s/Russell W. Hartigan
        Russell W. Hartigan, One of the Attorneys
        for the Defendants, OFFICER GARZA,

star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880

## AFFIRMATIVE DEFENSES

Without prejudice to any of the previous admissions and/or denials contained in their Answer, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, set forth the following Affirmative Defenses to the Plaintiff's Complaint at Law:

## FIRST AFFIRMATIVE DEFENSE

1.　Neither OFFICER GARZA nor OFFICER VLCANSKY nor OFFICER HABIAK is liable because the Defendants acted with probable cause at all times alleged in the Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, respectfully request this Honorable Court dismiss Plaintiff's Complaint with prejudice with costs assessed against the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

1.　That the Defendant Officers, OFFICER GARZA, OFFICER VLCANSKY, and OFFICER HABIAK, at all times relevant hereto, were engaged in the performance of their official duties as a Police Officer for the CITY OF CHICAGO.

2.　That the actions of the Defendants, OFFICER GARZA, OFFICER VLCANSKY, and OFFICER HABIAK, at all times relevant hereto, were lawful and

proper.

3.    That at all times relevant hereto, the Defendants, OFFICER GARZA, OFFICER VLCANSKY, and OFFICER HABIAK, were engaged in a lawful Police arrest.

4.    That these Defendants at all times relevant hereto, reasonably believed that their conduct was lawful in this arrest.

5.    That the Defendants, OFFICER GARZA, OFFICER VLCANSKY, and OFFICER HABIAK, have qualified immunity as to the allegations contained in the Plaintiff's Complaint.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, pray this Honorable Court enter judgment in their favor and against the Plaintiff and for such other and further relief as this Court deems just and proper.

### THIRD AFFIRMATIVE DEFENSE

1.    Plaintiff has failed to state a claim upon which relief can be granted in the Complaint at Law.

2.    Plaintiff has failed to allege a cognizable deprivation of liberties by these Defendants.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, respectfully request this Honorable Court

dismiss Plaintiff's Complaint against the Defendants and for such other and further relief as this Court deems just and proper.

## **FOURTH AFFIRMATIVE DEFENSE**

1. That these Defendants assert that the Plaintiff's own negligence was the direct and proximate cause of any alleged injuries.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, pray this Honorable Court enter judgment in their favor and against the Plaintiff and reduce any award in favor of the Plaintiff by the amount of Plaintiff's own contributory negligence.

## **FIFTH AFFIRMATIVE DEFENSE**

1. Any award obtained by the Plaintiff must be reduced to the extent to which the Plaintiff has failed to discharge his duty to mitigate damages commensurate with the degree of failure to mitigate attributed to the Plaintiff by the jury in this case.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, requests this Honorable Court reduce any award in favor of the Plaintiff by the degree to which Plaintiff failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

1. The Plaintiff's claims are barred for the claims made in the Complaint sounding in violations of state law based upon the various immunities afforded by the provisions of the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

WHEREFORE, the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation, respectfully request this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

Respectfully Submitted,

/s/Russell W. Hartigan
Russell W. Hartigan, One of the Attorneys for the Defendants, OFFICER GARZA, star no. 14970, OFFICER VLCANSKY, star no. 16518, OFFICER HABIAK, star no. 14939, and CITY OF CHICAGO, a Municipal Corporation

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880

08-03-4899                                                      ARDC No. 01144642

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ESDRAS RODRIGUEZ,** ) | |
| Plaintiff, ) | |
| v. ) | No.   08 CV 3033 |
| **CITY OF CHICAGO, a Municipal** ) | Judge Andersen |
| **Corporation; and CHICAGO POLICE** ) | Magistrate Judge Valdez |
| **OFFICERS GARZA, STAR #14970,** ) | |
| **VLCANSKY, STAR #16518, and** ) | |
| **HABIAK, STAR #8058,** ) | |
| Defendants. ) | |

### NOTICE OF FILING

**TO:**   Patrick Joseph Walsh, pw.ezingerlaw@yahoo.com

PLEASE TAKE NOTICE that on this 20th day of August, 2008, we filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, our DEFENDANT'S ANSWER, copies of which are attached hereto and served upon you.

/s/Russell W. Hartigan_____

### PROOF OF SERVICE BY ELECTRONIC MAIL

The undersigned, being first duly sworn on oath, deposes and states that s/he served the above and foregoing Notice, together with a copy of the pleading(s) therein referred to, upon each party to whom it is directed, via electronic mail, on this 20th day of August, 2008.

/s/Russell W. Hartigan_____

SUBSCRIBED and SWORN to before me this  20th  day of August, 2008.

_____
Notary Public

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street, Suite 1250
Chicago, IL  60602
(312) 201-8880