08-03-4899                                                          ARDC No. 01144642

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ESDRAS RODRIGUEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | No.   08 CV 3033 |
| ) | |
| **CITY OF CHICAGO, a Municipal** ) | Judge Andersen |
| **Corporation; and CHICAGO POLICE** ) | Magistrate Judge Valdez |
| **OFFICERS GARZA, STAR #14970,** ) | |
| **VLCANSKY, STAR #16518, and** ) | |
| **HABIAK, STAR #8058,** ) | |
| ) | |
| **Defendants.** ) | |

## **MOTION TO QUASH**

NOW COME the Defendants, CITY OF CHICAGO, a Municipal Corporation; and CHICAGO POLICE OFFICERS GARZA, STAR #14970, VLCANSKY, STAR #16518, and HABIAK, STAR #14939, by and through their Attorneys, HARTIGAN & O'CONNOR P.C., and hereby move to quash a subpoena and as ground thereof hereby state as follows:

1.      That the Plaintiff's attorney, Patrick J. Walsh, issued a subpoena to the Independent Police Review Authority on August 26, 2008 calling for the file with reference to a complaint filed by his client, Esdras Rodriguez.  (A copy of said subpoena is attached hereto and made a part hereof as Exhibit "A".)

2.      That the Defendants now move to quash said subpoena since there are statements contained within the body of the file by the three (3) Officers who are named in this lawsuit done with their request for legal counsel, and said statements were submitted under an attorney-client relationship.

3. That the statements contained within the file are thus privileged and not subject to disclosure, predicated upon attorney-client relationship.

4. Moreover, the Defendants assert a self-critical analysis privilege regarding the contents of this file.

5. In <u>Tice v. American Airlines</u>, the Court assumed the existence of the self-critical analysis privilege. 192 F.R.D. 270 (N.D. Ill. 2000).

6. The <u>Tice</u> Court indicated the self-critical analysis privilege requires the Court to determine whether the party asserting the privilege has established that: 1) the information sought resulted from self-critical analysis undertaken by the party asserting the privilege; 2) the public has a strong interest in preserving the free flow of the type of information sought; 3) the information is of a type whose flow would be curtailed if discovery were allowed; and 4) the document was prepared with the expectation that it would be kept confidential.

7. In <u>DeLuna v. City of Rockford</u>, 00 C 50040, the Court found that the City of Rockford's Police Department Firearm's Review Board report satisfied the requirements of the self-critical analysis privilege. (See attached Exhibit "B").

8. The findings and documents contained in the Police Review Authority file, as a result of the internal investigation, involve a strong public interest in encouraging candid, internal discussions. The documents are not subject to discovery because they are neither relevant or likely to lead to relevant information and the contents were prepared with the expectation that they would be kept confidential.

9. That recent case law supports the nondisclosure under a privilege. <u>Tice v. American Airlines</u>, 192 F.R.D. 270 (N.D. Ill. 2000); <u>Ludwig v. Pilkington N. Am</u>

Incorporated, 2004 W.L. 189 8238 at 1-2 (N.D. Ill. 2004); Hobley v. Byrge, 2006 W.L. 164028 (N.D. Ill. 2006); Gardner v. Johnson, 08 C 50006 (N.D. Ill. Western Division) (See attached Exhibit "C").

10. That there has been no waiver or production of any portion of the file at this current time. That alternatively, if the Court feels that production is warranted of this file, then it should be *in camera*. However, Defendants still assert their right that this is privileged and not subject to disclosure.

WHEREFORE, the Defendants, CITY OF CHICAGO, a Municipal Corporation; and CHICAGO POLICE OFFICERS GARZA, STAR #14970, VLCANSKY, STAR #16518, and HABIAK, STAR #14939, pray that the subpoena be quashed for the aforementioned reasons.

Respectfully Submitted,

/s/Russell W. Hartigan
Russell W. Hartigan, One of the
Attorneys for the Defendants, City of
Chicago, and Chicago Police Officers
Garza, Vlcansky, and Habiak

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street, Suite 1250
Chicago, Illinois 60602
(312)201-8880

3

# EXHIBIT "A"

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Northern          DISTRICT OF          Illinois

Esdras Rodriguez

V.

City of Chicago, a Municipal Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08 cv 3033

*[Stamp: CITY OF CHICAGO IPRA 26 AUG 2008]*

TO: The Independent Police Review Authority
10 W. 35th Street
Chicago, Illinois 60616

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any file related to an OPS (Office of Professional Standards) complaint filed by Esdras Rodriguez, 1640 W. Cullerton Street, Chicago, IL 60608, DOB: 7/30/1976, between August 1, 2006 and August 1, 2007. Documents may be forwarded to Plaintiff's attorneys (address below) in lieu of appearance.

| PLACE  Elliot R. Zinger & Associates<br>10 South LaSalle Street, Suite 1420, Chicago, IL 60603, (312) 782-9464 | DATE AND TIME<br>9/9/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* (Atty for Plaintiff) | DATE<br>8/19/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick J. Walsh, Esq.
10 S. LaSalle Street, Suite 1420, Chicago, IL 60603, (312) 782-9464

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/19/2008 | 10 W. 35th Street, Chicago, IL 60616 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| The Independent Police Review Authority | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Matthew Margolis | Law Clerk |

*[Stamp: 26 AUG 2008 CITY OF CHICAGO IPRA]*

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___8/19/2008___
DATE

*[Signature]*
SIGNATURE OF SERVER

10 S. LaSalle Street, Suite 1420
ADDRESS OF SERVER

Chicago, IL 60603

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MARTHA DE LUNA, et. al. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 00 C 50040 |
| | ) | |
| v. | ) | Philip G. Reinhard |
| | ) | P. Michael Mahoney |
| CITY OF ROCKFORD, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
APR 3 0 2001

FILED-WD
2001 APR 30 PM 12:05
U.S. DISTRICT COURT CLERK

## ORDER

Pursuant to this court's order of February 28, 2001, Defendant was required to submit redacted and unredacted versions of the disputed document, a Firearm's Review Board Report, for an in camera inspection. Defendant was also required to submit a letter brief demonstrating Defendant's justification for the invocation of a privilege as to certain portions of that report. Plaintiff was to submit a letter brief as well and that was received by this court on April 27, 2001. After a thorough in camera review of the report and of the parties' submissions, this court finds that the redacted portions of that report are privileged and need not be disclosed to Plaintiff.

Defendant has asserted that the report is privileged pursuant to the self-critical analysis privilege. The self-critical analysis or self-evaluative privilege is a federal common-law privilege that has not yet been adopted by the Seventh Circuit, though the privilege has been addressed in at least one case in this district. *See Tice v. American Airlines*, 192 F.R.D. 270 (N.D. Ill. 2000). In that case, the court assumed the existence of the privilege. The court reviewed the scope of the privilege and found that the document at issue did meet the requirements of the self-critical analysis privilege. The court further found that even if the privilege did not exist, the document was not discoverable, due to its irrelevance. *Tice* at 273. In performing the privilege analysis, the court noted that in the

context of a tort claim, the court must determine whether the party asserting the privilege has established that: 1) the information sought resulted from critical self-analysis undertaken by the party asserting the privilege, 2) the public has a strong interest in preserving the free flow of the type of information sought, 3) the information is of a type whose flow would be curtailed if discovery were allowed and 4) the document was prepared with the expectation that is would be kept confidential and has been kept confidential. *Tice* at 273.

In this case, the document at issue does satisfy the requirements of the self-critical analysis privilege. The document was created by the Rockford Police Department's Firearms Review Board. The document was created as part of a review of a handgun discharge and consists of a self-critical evaluation of the circumstances of that incident. There can be no doubt that there is a strong public interest in preserving the free flow of information with respect to these internal reviews of handgun discharge incidents. The purpose of the Firearms Review Board, as stated in Rockford Police Department's General Order No. 1983-01, is not to recommend disciplinary measures but to "recommend changes in Department policy and training needs." The Board was created to provide to the Chief of Police an in-depth report of any incidents involving on or off-duty firearm discharges and incidents where an officer has used force resulting in death to any person. There is a strong public interest in encouraging candid, internal discussions of these incidents that may lead to more effective training and policies. Also, the document was clearly created with the expectation that it would remain confidential. General Order No. 1983-01 provides that the report shall be for the exclusive and sole use of the Chief of Police and that the Chief will make the determination as to whether any portion of the report shall be released. Finally, Defendant states that the report has not previously been disclosed.

2

In addition to the self-critical analysis privilege, the executive privilege, as stated in *Aleman v. Bonnstetter*, also protects the document in this case from discovery. 1991 U.S. Dist. LEXIS 2557 at *6 (N.D. Ill. March 5, 1991). In that case, it was held "Self-critical summaries by an institution performing a function essential to the public health or safety are not, as a general rule, discoverable under the executive privilege." *Id*. *Aleman* addressed the issue of whether information regarding officers who had been referred to a psychiatrist or psychologist was discoverable. The court found that information regarding the communications of the officer participants was confidential and not discoverable absent exceptional circumstances. It was held that confidentiality was essential with respect to those communications in order to preserve the "exchange of honest reflection." The instant dispute involves the same considerations as found in *Aleman*. The report at issue here was prepared as a self-critical summary by the Rockford Police Department, which clearly serves an essential public health and safety function. There are no exceptional circumstances that would warrant the disclosure of the firearms report. An in camera review of the report has demonstrated that the redacted portions of the report are of little relevancy. The facts of the incident as reported have not been redacted. Therefore, the report is also privileged pursuant to the executive privilege.

Plaintiff cites *Scott v. Edinburg* in opposition to Defendant's invocation of the self-critical analysis privilege. 101 F. Supp. 2d 1017 (N.D. Ill. 2000). In *Scott*, Plaintiff sought production of the psychological evaluations of a police officer involved in a fatal shooting. *Id*. In that case, the court determined that the psychotherapist/patient privilege had been waived when the reports were shared with a third person, the chief of police. The court further determined that the evaluations were not protected by an executive privilege or deliberative privilege. *Id*. at 1021. The court found that the evaluations contained factual material only that is not protected by the deliberative process

3

privilege and that no investigative efforts into a fatal shooting would be "chilled." The court stated that police departments had ample incentive to investigate such incidents and that the production of the document in question would not deter full and complete investigations into police officers' fitness for duty. *Id.* The document at issue in *Scott* is much different from the report involved in this case. The psychological records of the police officer in *Scott* were not part of an official, mandatory review of officer involved shootings, as was the report in this case. As the court in *Scott* noted, the evaluation contained no deliberative material. In this case, the redacted portions consist purely of the results of the review board's deliberative process and the factual portions have not been redacted.

Finally, even if the redacted material were not subject to any privilege, it would not be subject to discovery as it is not relevant or reasonably calculated to lead to the discovery of admissible evidence. This court's in camera review of the unredacted report and Plaintiff's complaint demonstrates that the redacted portions of the report, unlike the factual unredacted portions, are not relevant to the subject matter involved in the pending action as required by Rule 26. Fed. R. Civ. Pro. 26(b)(1).

**CONCLUSION**

For the above reasons, this court finds that the redacted portions of the July 21, 1998, Firearms Review Board Report are not subject to discovery.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 4/30/01

4

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| PARIS GARDNER, | ) | Case No. 08 C 50006 |
| Plaintiff, | ) | |
| vs. | ) | Magistrate Judge |
| | ) | P. Michael Mahoney |
| OFFICER BEN JOHNSON, OFFICER STEVE JOHNSON, AND THE CITY OF ROCKFORD, ILLINOIS, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is an excessive force case rooted in the arrest of plaintiff which took place on January 9, 2006. Defendants' initial 26(a)(1) production revealed the existence of an investigation file which was created as a result of plaintiff's complaints to the Rockford Police Department concerning plaintiff's arrest and plaintiff's dissatisfaction with the Department's failure to adequately investigate his allegations of the arresting officers' wrongdoing. *See* Plaintiff's Motion to Compel at 1. Defendant begrudgingly produced some of the content of the investigation file once the court granted plaintiff's motion to compel defendants to do so. *See* Docket entry 22. However, defendants have withheld portions of the investigation file, including the investigation report, claiming the "self-critical analysis privilege." *See* Defendants Response to Plaintiff's Motion to Compel at 1. Plaintiff's current motion seeks the production of the remainder of the investigation file despite this asserted privilege.

The self-critical analysis privilege has never been adopted as federal common law by the Seventh Circuit. *See Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003). However, the

privilege has on occasion been recognized by courts within the Northen District of Illinois. *Tice v. American Airlines*, 192 F.R.D. 270 (N.D. Ill. 2000); *Ludwig v. Pilkington N. Am., Inc.*, 2004 WL 1898238 at *1-2 (N.D. Ill. 2004); *Hobley v. Burge*, 2006 WL 1460028 (N.D. Ill. 2006).

This court addressed whether the City of Rockford could assert the privilege on April 30, 2001, in *DeLuna v. City of Rockford*, No. 00 C 50040. *DeLuna* was a § 1983 wrongful death case concerning a fatal shooting and an allegation of excessive force. The discovery at issue was a Firearm Review Board Report completed by the Rockford Police Department. Such reports were mandatory whenever an officer used force resulting in the death of an individual. These reports were compiled to encourage the police department to adopt changes in policy and training where needed.

In *DeLuna* this court applied a four part test in determining that the self-critical analysis privilege applied, finding that: 1) the information sought resulted from a critical self-analysis undertaken by the party asserting the privilege; 2) the public has a strong interest in preserving the free flow of the type of information sought; 3) the information is of a type whose flow would be curtailed if discovery were allowed; and 4) the document was prepared with the expectation that it would be kept confidential and has, in fact, been kept confidential. *See Tice* at 273; *Ludwig* at *2; *Hobley* at *2. This court found that only the recommendations and conclusions of the Review Board were subject to the privilege. The part of the report containing factual, objective information was not considered privileged. Defendant was permitted to produce a redacted copy of the report, omitting only those portions which reflected the recommendations and conclusions of the Firearm Review Board.

In this case, defendant may have effectively waived the privilege by disclosing the

investigation's results to plaintiff. Documents already produced to plaintiff confirm that the investigation's results were mailed to plaintiff at some point, though he no longer retains copies of that letter and defendant has not produced it pursuant to Rule 26(a)(1). *See* Plaintiff's Motion to Compel at 3. The fourth element necessary to establish the applicability of the privilege requires that the preparing party intend to keep the material confidential when preparing it in addition to actually keeping the material confidential once it has been prepared. This element cannot be met by defendant in this case as to the investigation's results since they were already disclosed to plaintiff.

Defendants are to produce the letter they previously sent to Plaintiff concerning the results of the investigation, along with whatever citations or tickets were issued to plaintiff. To the extent that the investigation report contains the investigator's subjective critique of the arresting officer's conduct or police department policies, defendants may redact those portions of the report before producing it. In the event that the investigation report is devoid of any subjective critique of conduct or policies, defendant is to produce the entire unredacted report. Defendant is to comply with this order within ten days. In the event that plaintiff is not satisfied with defendants' production he is to bring it to the court's attention and the court will consider conducting an in camera inspection of the investigation report.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: August 13, 2008

3