# EXHIBIT "B"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

MARTHA DE LUNA, et. al.                )
                                       )
    Plaintiff,                    )
                                       )     Case No.  00 C 50040
                                       )
    v.                            )
                                       )     Philip G. Reinhard
CITY OF ROCKFORD,                      )     P. Michael Mahoney
                                       )
    Defendant.                    )

## ORDER

Pursuant to this court's order of February 28, 2001, Defendant was required to submit redacted and unredacted versions of the disputed document, a Firearm's Review Board Report, for an in camera inspection.  Defendant was also required to submit a letter brief demonstrating Defendant's justification for the invocation of a privilege as to certain portions of that report. Plaintiff was to submit a letter brief as well and that was received by this court on April 27, 2001. After a thorough in camera review of the report and of the parties' submissions, this court finds that the redacted portions of that report are privileged and need not be disclosed to Plaintiff.

Defendant has asserted that the report is privileged pursuant to the self-critical analysis privilege.  The self-critical analysis or self-evaluative privilege is a federal common-law privilege that has not yet been adopted by the Seventh Circuit, though the privilege has been addressed in at least one case in this district. *See Tice v. American Airlines*, 192 F.R.D. 270 (N.D. Ill. 2000). In that case, the court assumed the existence of the privilege. The court reviewed the scope of the privilege and found that the document at issue did meet the requirements of the self-critical analysis privilege. The court further found that even if the privilege did not exist, the document was not discoverable, due to its irrelevance. *Tice* at 273.  In performing the privilege analysis, the court noted that in the

context of a tort claim, the court must determine whether the party asserting the privilege has established that:1) the information sought resulted from critical self-analysis undertaken by the party asserting the privilege, 2) the public has a strong interest in preserving the free flow of the type of information sought, 3) the information is of a type whose flow would be curtailed if discovery were allowed and 4) the document was prepared with the expectation that is would be kept confidential and has been kept confidential. *Tice* at 273.

In this case, the document at issue does satisfy the requirements of the self-critical analysis privilege. The document was created by the Rockford Police Department's Firearms Review Board. The document was created as part of a review of a handgun discharge and consists of a self-critical evaluation of the circumstances of that incident. There can be no doubt that there is a strong public interest in preserving the free flow of information with respect to these internal reviews of handgun discharge incidents. The purpose of the Firearms Review Board, as stated in Rockford Police Department's General Order No. 1983-01, is not to recommend disciplinary measures but to "recommend changes in Department policy and training needs." The Board was created to provide to the Chief of Police an in-depth report of any incidents involving on or off-duty firearm discharges and incidents where an officer has used force resulting in death to any person. There is a strong public interest in encouraging candid, internal discussions of these incidents that may lead to more effective training and policies. Also, the document was clearly created with the expectation that it would remain confidential. General Order No. 1983-01 provides that the report shall be for the exclusive and sole use of the Chief of Police and that the Chief will make the determination as to whether any portion of the report shall be released. Finally, Defendant states that the report has not previously been disclosed.

2

In addition to the self-critical analysis privilege, the executive privilege, as stated in *Aleman v. Bonnstetter*, also protects the document in this case from discovery. 1991 U.S. Dist. LEXIS 2557 at *6 (N.D. Ill. March 5, 1991). In that case, it was held "Self-critical summaries by an institution performing a function essential to the public health or safety are not, as a general rule, discoverable under the executive privilege." *Id.* *Aleman* addressed the issue of whether information regarding officers who had been referred to a psychiatrist or psychologist was discoverable. The court found that information regarding the communications of the officer participants was confidential and not discoverable absent exceptional circumstances. It was held that confidentiality was essential with respect to those communications in order to preserve the "exchange of honest reflection." The instant dispute involves the same considerations as found in *Aleman*. The report at issue here was prepared as a self-critical summary by the Rockford Police Department, which clearly serves an essential public health and safety function. There are no exceptional circumstances that would warrant the disclosure of the firearms report. An in camera review of the report has demonstrated that the redacted portions of the report are of little relevancy. The facts of the incident as reported have not been redacted. Therefore, the report is also privileged pursuant to the executive privilege.

Plaintiff cites *Scott v. Edinburg* in opposition to Defendant's invocation of the self-critical analysis privilege. 101 F. Supp. 2d 1017 (N.D. Ill. 2000). In *Scott*, Plaintiff sought production of the psychological evaluations of a police officer involved in a fatal shooting. *Id.* In that case, the court determined that the psychotherapist/patient privilege had been waived when the reports were shared with a third person, the chief of police. The court further determined that the evaluations were not protected by an executive privilege or deliberative privilege. *Id.* at 1021. The court found that the evaluations contained factual material only that is not protected by the deliberative process

3

privilege and that no investigative efforts into a fatal shooting would be "chilled." The court stated

that police departments had ample incentive to investigate such incidents and that the production of

the document in question would not deter full and complete investigations into police officers'

fitness for duty. *Id.* The document at issue in *Scott* is much different from the report involved in this

case. The psychological records of the police officer in *Scott* were not part of an official, mandatory

review of officer involved shootings, as was the report in this case. As the court in *Scott* noted, the

evaluation contained no deliberative material. In this case, the redacted portions consist purely of

the results of the review board's deliberative process and the factual portions have not been redacted.

Finally, even if the redacted material were not subject to any privilege, it would not be

subject to discovery as it is not relevant or reasonably calculated to lead to the discovery of

admissible evidence. This court's in camera review of the unredacted report and Plaintiff's

complaint demonstrates that the redacted portions of the report, unlike the factual unredacted

portions, are not relevant to the subject matter involved in the pending action as required by Rule

26. Fed. R. Civ. Pro. 26(b)(1).

**CONCLUSION**

For the above reasons, this court finds that the redacted portions of the July 21, 1998,

Firearms Review Board Report are not subject to discovery.

ENTER:

_____

**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

DATE: 4/30/01

4