08-03-4899                                                              ARDC No. 01144642

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ESDRAS RODRIGUEZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   08 CV 3033 |
| ) | |
| **CITY OF CHICAGO, a Municipal** ) | Judge Andersen |
| **Corporation; and CHICAGO POLICE** ) | Magistrate Judge Valdez |
| **OFFICERS GARZA, STAR #14970,** ) | |
| **VLCANSKY, STAR #16518, and** ) | |
| **HABIAK, STAR #8058,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO QUASH**

NOW COME the defendants, CITY OF CHICAGO, a Municipal Corporation; and CHICAGO POLICE OFFICERS GARZA, STAR #14970, VLCANSKY, STAR #16518, and HABIAK, STAR #14939, by and through their attorneys, HARTIGAN & O'CONNOR P.C., and for their reply in support of their motion to quash the subpoena issued to the Independent Police Review Authority (I.P.R.A.), formerly known as the Office of Professional Standards (O.P.S.), hereby state as follows:

**ARGUMENT**

Public policy encourages police departments to investigate citizens' complaints of police misconduct. However, part of that public policy is to recognize that cities would be less willing to perform internal investigations, like those performed by the Independent Police Review Authority, if the risk is that the information contained in their

files might be used by plaintiffs in civil cases to pursue liability judgments against the city and its officers.

In Gardner v. Johnson, 08-C-50006 (Northern District of Illinois, Western Division), the court addressed the self-critical analysis privilege in the context of a civil rights case.

The facts of Gardner are as follows: On January 9, 2006, Paris Gardner was arrested by the City of Rockford police officer Ben Johnson. During the course of the arrest, Gardner contended that Johnson beat him and sprayed him in the eyes with mace for no reason. In January of 2008, Gardner filed a civil rights lawsuit against Johnson and the City of Rockford contending that his Fourth Amendment right to be free from excessive use of force had been violated. Just as in this case, Gardner filed a citizen's complaint with the Rockford Police Department concerning the defendant's conduct. During that case, Gardner served a discovery request on the city seeking the police investigation file concerning his citizen's complaint. After some dispute, the city reluctantly produced some of the investigation file after U.S. Magistrate Judge Mahoney granted Gardner's motion to compel production. The city did not produce the entirety of the file, instead with only certain documents on the basis of the self-critical analysis privilege.

While Judge Mahoney wrote that the self-critical analysis privilege has never been adopted as federal common law by the Seventh Circuit (see Burden-Meeks v. Welch, 319 F.3d 897 (7th Cir. 2003), the privilege has, on occasion, been recognized within courts of the Northern District.

While recognizing that the privilege was limited, and that the defendant may have waived the privilege by a disclosure of the portions of the file, Judge Mahoney ordered:

> Defendants are to produce the letter they previously sent to plaintiff concerning the results of the investigation, along with whatever citations or tickets were issued to plaintiff. To the extent that the investigation report contains the investigator's subjective critique of the arresting officer's conduct or police department policies, defendants may redact those portions of the report before producing it. In the event that the investigation report is devoid of any subjective critique of conduct or policies, defendant is to produce the entire unredacted report . . .

The plaintiff cites <u>Burden-Meeks v. Dwight Welch and the City of Country Club Hills</u>, 319 F.3d 897 (7th Cir. 2003), for the proposition that, in general, the Seventh Circuit has never recognized the self-critical analysis privilege. In <u>Burden-Meeks</u>, the non-party respondent to the subpoena, I.R.M.A., had shown a mayor a copy of a report and it was concluded that I.R.M.A. had thereby waived any privilege it possessed, which made it unnecessary for the court to decide whether a self-critical analysis exists or, if it does, covers criticism of an organization's members. <u>Burden-Meeks</u>, therefore, does not resolve the issue at hand, whether such a privilege exists and, if it does, its scope.

The type of candid internal discussions that the investigation of the Independent Police Review Authority is intended to foster would be frustrated by the disclosure of the investigative file. Public policy of encouraging police departments or the I.P.R.A. to take seriously and investigate citizen's complaints of police misconduct would not be advanced by the disclosure of this file in civil discovery.

A recurring issue in §1983 actions arising out of encounters with law enforcement officers is whether the police department's investigatory file of the alleged incident is protected by governmental privilege. Some lower federal courts have recognized

qualified privilege for law enforcement investigatory materials (see King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988)), and the American Bar Association study of the Federal Rules of Evidence summarizes the investigatory materials file privilege as follows:

> The investigatory files privilege is not absolute and the government's need for confidentiality is measured against the private litigant's need for the allegedly privileged information. The customary method of judicial evaluation . . . is an in camera inspection of the materials . . . among the factors which may militate against disclosure are a police officer's safety or privacy, the impact on the effectiveness of a law enforcement program, citizen candor, and compliance with state privacy law. Other factors which must be considered . . . include the relevance of the information, the importance of the information to the case, and the public interest. Moreover, a strong factor in favor of disclosure is the unavailability of information from other sources.
>
> A.B.A. Section on Litigation, Emerging Problems Under The Federal Rules of Evidence 103-04 (2nd Ed. 1991).

The defendant believes that the public policy of candid and thorough internal investigations would not be served by requiring the disclosures of internal investigative files of alleged police misconduct.

Federal Rules of Evidence 501 controls on the issue of attorney-client privilege. Defendants do not believe that statements made to investigator in the I.P.R.A. and statements made thereto are any different from an independent investigator engaged by an insurer to investigate an accident. Lower v. Rucker, 217 Ill.App.3d 1, 576 N.E.2d 422 (1991). While the defendant would acknowledge that the city is neither an insurer, nor is the I.P.R.A. an investigator, the defendant considers the situation analogous. While acknowledging that, at the time of the investigation, none of the participants had any communications with his attorney, the central purpose of the investigation was to determine, within the administrative procedures of the police department, whether any

misconduct occurred. To the extent the officers made statements with the understanding that they were confidential, the attorney-client privilege should apply.

WHEREFORE, for all the foregoing reasons, the defendants, CITY OF CHICAGO, a Municipal Corporation; and CHICAGO POLICE OFFICERS GARZA, STAR #14970, VLCANSKY, STAR #16518, and HABIAK, STAR #14939, respectfully request this Honorable Court quash the subpoena issued to the I.P.R.A. (Independent Police Review Authority) and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/Patrick H. O'Connor
Patrick H. O'Connor, One of the
Attorneys for the Defendants, City of
Chicago, and Chicago Police Officers
Garza, Vlcansky, and Habiak

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street, Suite 1250
Chicago, Illinois 60602
(312)201-8880