**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ESDRAS RODRIGUEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    08 cv 3033 |
| | ) | |
| CITY OF CHICAGO, a Municipal | ) | Judge Andersen |
| Corporation; and CHICAGO POLICE | ) | Magistrate Judge Valdez |
| OFFICERS GARZA, STAR # 14970, | ) | |
| VLCANSKY, STAR # 16518, and | ) | |
| HABIAK, STAR # 8058, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### *PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF FACTS*

NOW COMES the plaintiff, ESDRAS RODRIGUEZ, by and through his attorneys, ELLIOT ZINGER & ASSOCIATES, and, pursuant to Local Rule 56.1(a)(3)(A) answers the following statement of material facts for which there is no genuine issue and that entitle them to judgment as a matter of law:

The court has jurisdiction over this action pursuant to 42 USC Section 1983 as this is a civil action arising under the Fourth and Fourteenth Amendments of the United States Constitution.

1. Admitted.

2. Venue is proper as all alleged violations occurred within this district.

2. Admitted.

1

## *PARTIES*

3. Plaintiff, ESDRAS RODRIGUEZ, was at all relevant times, a resident of Cook County, Illinois.

3. Admitted.

4. The Defendant, PAUL HABIAK, was at all relevant times, a police officer employed by the City of Chicago.

4. Admitted.

## *UNDISPUTED MATERIAL FACTS*

5. The Plaintiff has filed a complaint against HABIAK, and others, relative to an incident that took place on August 26, 2006. (See Complaint attached hereto as Exhibit A).

5. Admitted.

6. On August 26, 2006, Officer HABIAK [who was on duty] was located at approximately 47th Street and Keating Avenue in Chicago, Illinois. (See Plaintiff's Complaint Paragraph 7).

6. Admitted.

7. Mr. RODRIGUEZ and his then girlfriend, Patricia Rodriguez, had an argument while attending a cotillion in Cicero, Illinois. (See deposition of Rodriguez Exhibit B p. 45).

7. Admitted.

8. At approximately 10:00 p.m. RODRIGUEZ and his then girlfriend were heading home (See Rodriguez dep. p. 48), and they again started arguing (Rodriguez dep. pp. 48-49).

8. Admitted.

9. As a result of this argument, RODRIGUEZ got out of the vehicle at approximately 44th Street and Cicero Avenue (Rodriguez dep. p. 50).

9. Admitted.

10. RODRIGUEZ called one of his friends to come and pick him up (Rodriguez dep. pp. 50-51).

10. Admitted.

11. Patricia Rodriguez drove away (Rodriguez dep. p. 52).

11. Admitted.

12. As RODRIGUEZ was walking south on Keating Avenue, he came to 47th Street and saw his girlfriend [Patricia] in his truck waiting for him (Rodriguez dep. p. 55).

12. Admitted.

13. As RODRIGUEZ was crossing 47th Street, he saw the police and he also saw Patricia parked across 47th on the south side of the street facing east (Rodriguez dep. pp. 57-58).

13. Admitted.

14. RODRIGUEZ yelled at Patricia to go home (Rodriguez dep. p. 59).

14. Admitted.

15. At the time RODRIGUEZ was telling his girlfriend to go home, he believes two (2) officers were walking towards him and one (1) was still in the vehicle (Rodriguez dep. p. 61).

15. Denied in part; Rodriguez indicated he believed "two walked and one drove." (Rodriguez dep. p. 61:24).

3

16. One (1) was Hispanic approximately five foot six inches (5'6) tall and 180 pounds (Rodriguez p. 62).

16. Admitted.

17. The other walking police officer was a white male approximately five foot seven (5'7), five foot eight (5'8) and 180 pounds also (Rodriguez dep. p. 63).

17. Admitted.

18. Officer GARZA pulled RODRIGUEZ out of the vehicle (Rodriguez dep. p. 73).

18. Admitted.

19. The other officer who was walking toward him when he first saw him was the short white male (Rodriguez dep. p. 74).

19. Admitted.

20. The third officer had no contact with him at all (Rodriguez dep. p. 74).

20. Admitted.

21. The two (2) officers that had any physical contact with RODRIGUEZ would have been the two (2) officers that were walking toward him initially (Rodriguez dep. p. 83). [After he was handcuffed, they all got into the [police] vehicle]. (Rodriguez dep. p. 85).

21. Admitted.

22. Officer GARZA went in the front passengers' side and the short white officer was in the back with him (Rodriguez dep. p. 86).

22. Admitted.

4

23. The short white officer kept smacking him in the head (Rodriguez dep. p. 88).

23. Admitted.

24. Officer GARZA punched RODRIGUEZ a couple of times, while in the vehicle (Rodriguez dep. pp. 91-92).

24. Admitted.

25. They stopped at an abandoned parking lot (Rodriguez dep. p. 104) and the short white male took him out of the vehicle.

25. Admitted.

26. Officer GARZA proceeded to hit him at least four (4) times in the face (Rodriguez dep. p. 107).

26. Admitted.

27. The short white officer also hit him (Rodriguez dep. p. 112).

27. Admitted.

28. An individual he describes as a tall officer never touched him (Rodriguez dep. p. 113).

28. Admitted.

29. The third officer, the five foot nine (5'9) officer had no physical contact with RODRIGUEZ (Rodriguez dep. p. 169).

29. Admitted

30. Officer VLCANSKY was in the rear [of the police vehicle] with Mr. RODRIGUEZ. (See deposition of Habiak Exhibit C p. 107; See deposition of Vlcansy Exhibit D p. 104).

5

30.	Admitted.

## ***PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS PRECLUDING SUMMARY JUDGMENT***

1. While the two other officers had contact with Mr.Rodriguez, Officer Habiak, who was driving (Rodriguez dep. p. 61:24), told Mr.Rodriguez to stay quiet. (Rodriguez dep., p. 74:19-20).

2. Officer Habiak testified that he wasn't sure who exactly grabbed Mr.Rodriguez first, but he was taken to the ground. Officer Habiak further testified that he helped gain control of Mr. Rodriguez and placed him in custody. (Officer Habiak dep. at 81:3-12).

3. In the abandoned parking lot, Officer Garza hit Mr.Rodriguez at least four (4) times in the face after all three officers got out of the police car and stood Rodriguez up in the middle of the squad car.(Rodriguez dep. p. 107).

4. It was Officer Habiak who drove (Rodriguez dep. p. 85:15-86:5; 91:4-6, ) the police squad car to the abandoned parking lot (Rodriguez dep. p. 104:17-18) while Mr.Rodriguez was being smacked in the head by the short white male officer. (Rodriguez dep. p. 88:14-22).

5. After being struck in the head during the transport to the abandoned parking lot, Mr. Rodriguez, who was mad at being smacked by the officer in the back seat, told the officers that his aunt worked for O.P.S., which upset the officers. (Rodriguez dep. p. 89:8-10, 19-20).

6. Officer Habiak, the 5'9" officer, never told the officer who kicked Mr. Rodriguez in the side to stop. (Rodriguez dep. p. 178:12-14).

6

7. Officer Habiak, the 5'9" officer, never told Officer Garza and the other officer, to stop punching Mr. Rodriguez in the vacant lot that Habiak drove all the parties to. (Rodriguez dep. p. 178:12-21; 183:11-184:2).

8. Rather than telling Officer Garza and the other officer to stop punching Mr. Rodriguez in the vacant lot that Habiak drove all the parties to, Habiak stood by watching. (Rodriguez dep. p. 178:20-24).

9. Officer Habiak was never told to drive all the parties to the vacant lot. (Rodriguez dep. p. 179:13-15).

10. Officer Habiak never reported the other officers' conduct to a sergeant. (Rodriguez dep. p. 179) or offered Mr. Rodriguez medical assistance. (Rodriguez dep. p. 179).

11. Officer Habiak is listed as the second arresting officer in the arrest report of Esdras Rodriguez.

12. On August 27, 2006, Officer Habiak filled out and was the first reporting officer to sign the General Offense Case Report, in regards to the arrest of Esdras Rodriguez. (Officer Habiak dep. at 11:5-7).

13. Such report made no mention of any officer striking Esdras Rodriguez, nor did such report make mention that Officer Habiak drove Esdras Rodriguez to a vacant lot so that he could be beaten by the Chicago Police.

14. Officer Habiak continues to stand by the accuracy of the General Offense Case Report. (Officer Habiak dep. at 11:8-10)

15. After Esdras Rodriguez' arrest, Officer Habiak called Patricia Rodriguez, Esdras Rodriguez' girlfriend, from the police station. (Officer Habiak dep. at 63:20-23).

16. No police officer ever asked Patricia Rodriguez whether she had been domestically battered by Esdras Rodriguez. (Dep. of Patricia Rodriguez p. 118:12-14).

17. When Officer Habiak called Patricia Rodriguez from the police station he asked Patricia if she wanted to press charges against Esdras Rodriguez. (Dep. of Patricia Rodriguez p. 118:15-20). Patricia Rodriguez said no, I have no point in pressing charges. Patricia Rodriguez was never asked if she was a victim of a domestic battery. (Dep. of Patricia Rodriguez p. 118:12-20).

18. All three officers, Garza, Habiak and Vulcansky, testified at Mr. Rodriguez's criminal trial. (Rodriguez dep. p. 114:11-14).

19. Blows to the eye by the Defendant officer(s) have caused Plaintiff permanent eye damage. (Dr. John Fournier dep. at pps. 20:13-22:21 and 33:21-34:19)

Respectfully submitted,

ELLIOT R. ZINGER & ASSOCIATES

By: /s/ Patrick J. Walsh

ELLIOT R. ZINGER & ASSOCIATES
10 S. LaSalle St., Ste. 1420
Chicago, IL 60603
(312) 782-9464
Atty. No. 42483

8